# SUPERIOR COURT

Joseph B. De Terra  
vs.      No. 3508.  
Henry Silvia, alias  

RESCRIPT.

February 5, 1925

BAKER, J. In this case the plaintiff is seeking to recover for property damage growing out of a collision of his automobile and an automobile owned by the defendant.

The jury returned a verdict for the defendant and the plaintiff filed his motion for a new trial on the ground that the verdict was against the weight of the evidence. After so doing he asked to be allowed to amend his motion for a new trial by adding thereto the further ground of newly discovered evidence.

After hearing the parties the court allowed the plaintiff ten days to file any affidavits in support of this latter ground. No such affidavits have as yet been filed.

The plaintiff's request to be allowed to amend his motion for a new trial by adding the additional ground of newly discovered evidence is denied.

The court has some question as to whether it has the power to permit a party to amend a motion for a new trial after it has been filed or to add additional grounds thereto. It would seem as though the proper practice in case a party has discovered new evidence, either before or after the motion for a new trial has been heard, is that indicated in the cases of Joslin vs. Rhodes, and Rhodes vs. Joslin, 122 Atl. 799.*

The testimony bearing on the matter of the accident itself was conflicting. Defendant was driving a Reo truck or speed wagon on the state highway in the Town of Middletown, proceeding in the general direction of the City of Newport, at the time the collision occurred. The plaintiff was

operating a sedan automobile in the opposite direction. The collision occurred late at night.

The plaintiff's claim in general was that the defendant turned his truck sharply to the left at about the time the plaintiff was passing, thereby striking toward the middle or rear of the plaintiff's sedan and pushing that end of the plaintiff's automobile in a sideways direction and causing it to tip over.

The defendant, on the other hand, claims that the plaintiff came up a hill towards him at a fairly rapid rate of speed and that by reason of the plaintiff's failure to keep sufficiently to the right of the road, he scraped past the side of the defendant's truck, thereby causing his own machine to be thrown to one side and by reason of its speed to upset.

Each party contended that he kept on his own proper side of the highway. There was testimony from each side about being blinded by the lights of the other car.

On the conflicting testimony the question of the negligence of both parties was clearly one for the determination of the jury. The weight of the testimony rather tended to show that after the accident traffic was routed south of the defendant's automobile, as it stood on the highway after the collision occurred, and this, on the whole, would tend to bear out the defendant's claim that he was on his right side of the road. The jury had certain testimony as to the distance the cars were apart after the accident, evidence as to the marks of wheels on the roadway, and testimony as to the injuries to the plaintiff's automobile, to help it determine how the accident occurred. An examination of plaintiff's Exhibit 1, a picture of the plaintiff's automobile, showing injury to the left side, would in the opinion of the court tend to substantiate the defendant's explanation of how the accident occurred, that is a scraping blow, perhaps more fully than it would the plaintiff's claim of a direct hit on the side. The injury to the right side of the plaintiff's automobile was occasioned after it was tipped over.

Taking into consideration the fact that this accident occurred on a fairly broad state road, late at night, with no other traffic in the immediate vicinity, when the two automobiles were attempting to pass each other travelling in opposite directions, there being plenty of room so to do, it is very conceivable that the jury may have found that both parties were, or perhaps at least the plaintiff was guilty of negligence contributing to the accident.

On all the testimony in the case, in the judgment of the court the verdict of the jury does substantial justice between the parties and is supported by the great weight of the evidence.

Plaintiff's motion for a new trial is denied.

For plaintiff: Max Levy.
For defendant: Moore & Curry.